UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Parker,                          :
                                       :
            Plaintiff,                 :
      v.                               :          Civil Action No. 09-0568 (CKK)
                                       :
Officer Brown *et al.*,                :
                                       :
            Defendants.                :

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff accuses an officer of the United States Park Police

of violating his constitutional rights during a traffic stop and his subsequent arrest. He seeks

$250,000 in damages.[1] Defendant moves to dismiss the complaint under Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a

claim upon which relief can be granted. Upon consideration of the parties' submissions, the

Court finds that defendant is immune from this lawsuit and, thus, will grant his motion to dismiss

under Rule 12(b)(6). Consequently, the Court will deny plaintiff's pending motion to appoint

counsel.

I. BACKGROUND

On June 23, 2008, plaintiff was driving on Southern Avenue in the southeast quadrant of

the District of Columbia when defendant pulled him over for having an inoperative brake light.

Memorandum in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") at 3 & Ex. 1

(police report); *see* Compl. at 5. During the course of the stop, defendant discovered that

---

[1] The only other defendants are listed as "Unknown Officers of the US Park Police,"
Compl. Caption, which plaintiff has yet to identify. Hereafter, the Court will refer to defendant
in the singular.

plaintiff had an outstanding arrest warrant issued by the police department in Fairfax County, Virginia, and a "counterfeit" temporary tag on the car that he was driving. Def.'s Ex. 1. Defendant also discovered that plaintiff's "drivers [sic] license status in DC is currently suspended," but he "identified [plaintiff] by his Maryland drivers [sic] license." *Id*. Defendant arrested plaintiff based on the arrest warrant and transported him to the Anacostia Park Police station for processing and then to the Metropolitan Police Department ("MPD"). *Id*. Defendant allegedly "yanked the tags from the vehicle" before placing plaintiff under arrest. Compl. at 5. Plaintiff's vehicle allegedly "per his request[,] was secured on scene." Def.'s Ex. 1; *but see* Pl.'s Opposition to Defendant (Officer Brown's) Reply in Support of His Motion to Dismiss at 1-2 [Dkt. No. 18] (stating that "at no time did the plaintiff ask anyone to leave his car anywhere.").

Plaintiff subsequently appeared in the Superior Court of the District of Columbia where "he was placed on a three day hold to await extradition by Virginia." Compl. at 5. Three days later, plaintiff contacted his family from the Fairfax County Jail. He told them "that he would need them to go get his car[,] . . . told his sister where the car was left and asked her to take the car home, because [he] had valuable property in the car." *Id*. at 3. Plaintiff's family members were unable to locate the car. *Id*. at 4, 6. On July 13, 2008, Parker was released on bail and began searching for his vehicle at the local towing companies, the location where he was arrested, the Anacostia Park Police station and MPD's Seventh District Headquarters. *Id*. at 6-7. When he could not find his car, plaintiff called the Park Police station to speak with defendant, who allegedly "became outraged[,] disrespected [him] and [] hung up the telephone on [him]." *Id*. at 7. Parker then called the station again to speak with defendant's supervisor. Sergeant "B. Smith, Jr." told plaintiff that he "'would look into the claim," *id*., and subsequently informed plaintiff that his efforts to locate the vehicle were unsuccessful, *id*. at 8. Plaintiff lodged an

administrative complaint against defendant on July 14, 2008. *Id.*; Def.'s Ex. 3 ("Complainant/ Witness Statement").[2] Plaintiff alleges that he had "several job offers for home improvement" that he could not accept "on the sole basis" that he had no tools because they were in his missing car. Compl. at 8. Plaintiff initiated this action on March 26, 2009, claiming that as of March 17, 2009, he had received "neither his car nor his tools that were inside of the car." *Id.*

## II. DISCUSSION

### 1. Legal Standard

The Federal Rules of Civil Procedure require that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.*, and "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

---

[2] In the administrative complaint, plaintiff also claimed that Brown and two officers had assaulted him during the arrest and that he was filing the complaint because he "believe[d] the officer may hurt someone in the [future]" if he remained unchecked. Def.'s Ex. 3. Plaintiff has not made such an accusation or stated a claim of assault in the complaint before the Court.

Although defendant has invoked Rule 12(b)(1), he has not articulated a basis for dismissing the case for lack of subject matter jurisdiction. In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). The plaintiff, however, must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.*

2. Qualified Immunity

Plaintiff faults defendant for allegedly removing the license plates from his car and leaving the car unattended at the arrest site. *See* Compl. at 9-10. Individuals deprived of constitutional rights by federal officials may sue for monetary damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see Davis v. Passman*, 442 U.S. 228, 245 (1979) (Under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted). Defendant argues, among other reasons for dismissal, that he is shielded by qualified immunity. Because a finding in defendant's favor on this issue would end the litigation as to him in his personal capacity, *see Pearson v. Callahan*, 129 S.Ct. 808, 816

(2009), the Court will address this argument first. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (instructing that qualified immunity claims be decided "at the earliest possible stage in litigation").

"Qualified immunity . . . generally shields [governmental] officials from liability for their discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Butera v. District of Columbia*, 235 F.3d 637, 646-47 (D.C. Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In analyzing an official's qualified immunity claim, the Court generally considers first "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and second "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S.Ct. at 816 (citing *Saucier*, 533 U.S. at 201). The sequence, while "often appropriate," is not mandatory, however. *Id*. at 818.

Plaintiff's allegation that defendant left his car in an unsafe neighborhood does not rise to the level of an unconstitutional deprivation of property,[3] and negligence is not a cognizable claim

---

[3] Such a claim would nevertheless fail because the due process clause is not violated if an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); accord *Crawford v. Parron*, 709 F. Supp. 234, 235-6 (D.D.C. 1986). The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for claims for monetary damages against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment" if a private person would be liable for such acts in the jurisdiction of the alleged offense. 28 U.S.C. § 2672; *see Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999) ("[T]he negligent or intentional deprivation of property through the random and unauthorized acts of a state or federal employee does not constitute a deprivation of due process if 'a meaningful postdeprivation remedy for the loss is available.' ") (quoting *Hudson*, 468 U.S. at 533). Before the Court could obtain jurisdiction over an FTCA claim against the United States, however, plaintiff, who has not asserted a claim under the FTCA, would first have to exhaust his administrative remedies under the FTCA by "first present[ing] [his] claim to the appropriate Federal agency" and obtaining a denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a);

(continued...)

5

under *Bivens*. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (reaffirming that "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.") (citations omitted); *Daniels v. Williams*, 474 U.S. 327, 330 (1986) (agreeing that "negligent acts by state officials, though causing loss of property, are not actionable under the Due Process Clause.") (citing *Parratt v. Taylor*, 451 U.S. 527, 548 (1981) (Powell, J., concurring)).

In the absence of a constitutional violation, the Court concludes that defendant is entitled to qualified immunity and, thus, grants his motion to dismiss under Rule 12(b)(6). A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: April 19, 2010

---

[3](...continued)
*see Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (finding that "the district court properly dismissed the case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").